## Toliver *v.* State Board of Parole.

Submitted April 20, 1945.   Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

The facts are stated in the opinion of HARGEST, P. J., of the lower court, as follows:

This comes before us upon a petition for mandamus

in forma pauperis, a return to a writ of alternative mandamus, and a demurrer to the return.

The petitioner complains that he is being illegally restrained of his liberty and has been denied a hearing by the State Board of Parole. In order to understand the averments of the petition we give the history of his offenses.

It appears that petitioner was sentenced September 18, 1929, by the Quarter Sessions of Allegheny County to No. 56 September Sessions, 1929, to serve from 4 to 8 years in the Western Penitentiary; and, on the same day, to 57 September Sessions, 1929, to serve from 4 to 8 years, the sentences to run consecutively. Under the system then used in the Western State Penitentiary, the sentences were lumped, so that the record shows that he was confined on a minimum of 8 years and a maximum of 16 years, which lumping, at the time of his sentence, was illegal (*Commonwealth ex rel. Lynch v. Ashe,* 320 Pa. 341); but which practice was subsequently legalized by the Act of June 25, 1937, P. L. 2093.

The petitioner served the combined minimum sentences, and just prior to the expiration thereof, a petition for commutation was filed with the Board of Pardons, whereupon, in September 1937, his sentence was commuted on No. 56 to a maximum of 7 years, 11 months, and 29 days, to expire September 17, 1937; and on No. 57 the minimum of 4 years was commuted to a minimum of 1 day, to expire September 18, 1937.

The prisoner complains that he made application and was refused permission to apply for a parole at the expiration of the minimum of the first sentence, to No. 56 September Sessions 1929. We take this averment as true because it is not properly denied in the answer. There is, however, no advantage which he can now take of that refusal, because he applied at the minimum of the second sentence, to No. 57, and he was granted a parole, although it was mistakenly designated as a minimum of 1 day under Indictment No. 57.

If the prison bookkeeping had been correctly done, he would have served the minimum of 4 years under No. 57, assuming that he had applied at the expiration of his first minimum and commutation had been allowed. However that may be, he is in no position now to take advantage of any error committed by the prison authorities at that time. He was released on parole November 23, 1937, when he had served the maximum on Indictment No. 56 and 2 months and 6 days on Indictment No. 57.

While on parole he was convicted of a new crime, and, on September 14, 1938, was sentenced to the Western State Penitentiary to serve 4½ years to 9 years, to be effective from July 14, 1938, and to run concurrently with back parole time on the previous commitment.

This latter portion of this sentence, "to run concurrently," was illegal. The law required him to serve the unexpired portion of his original sentence before he commenced to serve the sentence imposed for the crime committed while under parole. *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265. See also Section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, 61 PS Sec. 305 (Pocket Part).

When the Board of Pardons commuted the minimum sentence on No. 57 to 1 day, it did not disturb the maximum sentence, which remained. Therefore, upon the petitioner's return to the penitentiary he was required to serve 7 years, 9 months and 24 days of back parole time on Indictment No. 57, which, calculated from July 14, 1938, the date upon which the sentence was to be effective, would expire May 8, 1946.

It therefore appears that, in any event, this petition is premature, but if we are correct in our interpretation of the law, the 4½ years minimum sentence imposed in 1938 must be served at the expiration of the balance of the sentence to No. 57 September Sessions 1929, which would not expire until November 8, 1950.

The prisoner has made strenuous efforts to be released. In 1939 he presented an original petition for writ of habeas corpus to the Supreme Court, which was refused. *Commonwealth v. Ashe,* 336 Pa. 206, 8 A. 2d 541; certiorari denied by Supreme Court of the United States, 311 U. S. 646.

The Supreme Court, however, said:

"Petitioner is now serving a term of four and a half to nine years, under a sentence wholly unrelated to his detention for parole violation."

The Supreme Court did not consider the law which required the unexpired portion of his original sentence to be served *before* he commenced serving the sentence imposed for the crime committed while on parole. See *Commonwealth, ex rel. Lerner v. Smith,* supra.

This petitioner presented to the Superior Court on November 3, 1939, a petition for habeas corpus, docketed to No. 126, Miscellaneous Docket, Pittsburgh District, in which the rule was discharged November 22, 1939. The Court said, with reference to the Indictments No. 56 and No. 57 September Sessions 1929:

"If there was any error committed as to the period that the relator should serve on his being recommitted for parole violation, his application for a discharge now is, in any event, premature, because the minimum term of his sentence to September Term, 1938, No. 31, will not expire until January 14, 1943, and the maximum not until July 14, 1947."

It is apparent that the Superior Court was assuming that when returned on July 14, 1938, Toliver started to serve the sentence under No. 31 September Term, 1938. If that were true, the minimum would have expired January 14, 1943, and the maximum would expire July 14, 1947. But again, we call attention to the fact that in the case of *Commonwealth ex rel. Lerner v. Smith,* decided January 28, 1943, the Superior Court held that where a prisoner was sentenced for a crime committed during his parole, and returned to the peni-

tentiary from which he was released on parole, "the unexpired portion of his original sentence is to be served before he commences to serve the sentence imposed for the crime committed while on parole."

Applying this rule, this petitioner will not be eligible for parole until November 8, 1950, because he is required to serve 7 years, 9 months, and 24 days from July 14, 1938, which will take the sentence to May 8, 1946, and 4½ years after that time will expire November 8, 1950.

On December 22, 1943, Toliver applied again for a habeas corpus to the Superior Court in the Pittsburgh District, to No. 177 Miscellaneous Docket, and the order, dated the following day, said:

"If petitioner is entitled to present an application for parole, and the parole board or parole administration refuses to receive and consider it, the remedy is by mandamus."

And that Order also said:

"Petitioner would not be entitled to be discharged, in any event, until he has served the maximum of the sentence imposed on September 14, 1938, to-wit, nine years."

The Superior Court refused the petition because there was no valid ground for discharge at that time.

Inasmuch as there has been some confusion, perhaps brought about by the expressions in the Opinions to which we have referred, we have endeavored to set the matter straight. Our conclusion is that the petitioner has not been denied any right to which he was legally entitled, except the right to apply for parole at the expiration of the minimum sentence in No. 56 September Sessions, 1929.

Since, however, he was paroled at the expiration of the minimum sentence in No. 57 September Sessions 1929, if the sentences had been legally computed by the penitentiary authorities, and his present predicament was caused by an offense committed while on parole, for

which he was sentenced and returned to the Western Penitentiary to No. 31 September Term, 1938, the State Board of Parole has not refused to grant any hearing to which the petitioner is now entitled.

Now, February 6, 1945, the writ of mandamus is hereby denied and the petition dismissed.

Plaintiff appealed.

*Louis Toliver*, in propria persona, appellant.

*Ralph B. Umsted*, Deputy Attorney General, and *James H. Duff*, Attorney General, for appellee.

PER CURIAM, April 26, 1945.
The order is affirmed on the opinion of Judge HARGEST.

# Harrison et vir., Appellants, *v.* Pittsburgh et al.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, ROSS and ARNOLD, JJ. (DITHRICH, J., absent).

*Clyde Bailey*, of *Bailey & Critchfield*, for appellants.

*Hugh P. Sowers*, for additional defendant-appellee.

*James G. Legnard*, Assistant City Solicitor, with him *Anne X Alpern*, City Solicitor, for appellee.